
FILED
JAN - 7 2008
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DAVID WILLIAM LINDER,

    Plaintiff,

v.                                          Civil Action No. **3:07CV292**

JEROME B. FRIEDMAN,

    Defendant.

### MEMORANDUM OPINION

Plaintiff, a Virginia inmate, brings this 42 U.S.C. § 1983 action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. § 1343(a)(3).

### I. PROCEDURAL HISTORY

The Magistrate Judge made the following findings and recommendations:

> This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).
> 
>     "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.
>     The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007)

(*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him [or her] to relief." *Conley*, 355 U.S. at 45-46. In *Bell Atlantic Corp.*, the Supreme Court noted that the complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." 127 S. Ct. at 1964-65 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 1965 (citation omitted), to one that is "plausible on its face," *id.* at 1974, rather than "conceivable." *Id.* Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Allegations and Analysis

Plaintiff names as the sole defendant the United States District Judge who presided over his trial and sentencing. *See United States v. Linder*, 05-4557, 2006 WL 2659067 (4th Cir. Sept. 15, 2006), *cert. denied*, 127 S. Ct. 2066 (2007). Plaintiff alleges that during the course of his trial the District Judge "exceeded his authority and jurisdiction" (Compl. at 1) and the following "felonies occurred:"

1. Allowed the prosecution of David W Linder to proceed knowing fully that the charge of "contribution to a death" was bogus.
2. At various times from pre- to post-trial engaged in ex parte communications with court-appointed counsel Charles Burke.
3. Knew Dr. Diane Boland, identified to the jury as Lee Hearn, had never tested Phillip Conklin blood; turned a blind eye to fraud.
4. Conducted a sentencing process willingly with violence and physical contact to obstruct justice.
5. Ignored challenges timely made (Houston v. Lack) re: grand jury.
6. Participated in two prejudicial meetings at the bar during the course of *Linder* (4th Cir. 2005).
7. Ignored a proper motion to hold a hearing to declare a mistrial.

        8.     Actively participate in "Virtual § 1111."

(Compl. at 1.) Plaintiff demands monetary damages and "injunctive relief in the form of a dementi and an apology to Mary V Linder." (Compl. at 2.) Plaintiff contends that the Court has jurisdiction to review his action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

      Plaintiff's vague allegations do not satisfy his obligation under Federal Rule of Civil Procedure 8(a) to give the defendant fair notice of his claim and the facts upon which it rests. *See Bell Atl. Corp.*, 127 S. Ct. at 1974-75. In order to state a viable claim under *Bivens*, a plaintiff must allege that a person acting under color of federal authority deprived him or her of a constitutional right. *See Goldstein v. Moatz*, 364 F.3d 205, 210 n.8 (4th Cir. 2004) (*citing Bivens*, 403 U.S. at 389). This Court "is not required to piece together causes of action from fragmentary factual recitations." *Cochran v. Morris*, 73 F.3d 1310, 1318 (4th Cir. 1996). At no point does Plaintiff coherently identify any federal right that was violated, much less set forth the factual allegations that would support a violation of that right. To the extent that any claim could be constructed from Plaintiff's allegations, it would be that he was denied due process in conjunction with his federal conviction and sentence. The basic premise behind such a claim, Plaintiff's entitlement to monetary damages and injunctive relief stemming from improper incarceration, is legally frivolous under *Heck v. Humphrey*, 512 U.S. 477 (1994), and related cases.

      In *Heck*, the Supreme Court "emphasized that civil tort actions are simply 'not appropriate vehicles for challenging the validity of outstanding criminal judgments.'" *Harvey v. Horan*, 278 F.3d 370, 374-75 (4th Cir. 2002) (*quoting Heck*, 512 U.S. at 486). The Supreme Court explained that permitting civil actions to be used "for that purpose would undercut the long-standing concern not to undermine the finality of criminal convictions through civil suits." *Harvey*, 278 F.3d at 375 (*citing Heck*, 512 U.S. at 484-86). The Supreme Court then held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486-87 (internal footnote omitted). The Supreme Court then required that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court extended *Heck* to bar 42 U.S.C. § 1983 actions that do not directly challenge confinement, but instead contest procedures which necessarily imply unlawful confinement. *Id.* at 646. The principle procedural defect complained of by the inmate-litigant in *Balisok* was a biased decision-maker. *Id.* at 648. The Supreme Court concluded that such a challenge necessarily implied the invalidity of the sanction imposed by that decision-maker and thus was subject to the bar announced in *Heck*. *Id.* The Supreme Court recently summarized that *Heck* and the related cases teach that:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)- *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). The rationale in *Heck* applies with equal force to *Bivens* actions. *See Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995); *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995).

The first question this Court must ask is whether Plaintiff's claims necessarily imply the invalidity of his current confinement. *Heck*, 512 U.S. at 487. Plaintiff's vague complaints are not limited to the sort of pretrial constitutional violations that do not necessarily impugn his outstanding conviction and sentence.[1] *See Heck*, 512 U.S. at 487 n.7; *see e.g.*, *Young v. Nickols*, 413 F.3d 416, 419 (4th Cir. 2005) (concluding claim of illegal extradition was not barred by *Heck*). Rather, Plaintiff demands monetary damages and injunctive relief from the trial judge for due process violations that occurred during the course of his criminal trial and sentencing. Plaintiff fails to allege any injury distinct from the injury of being convicted and sentenced. *Heck*, 512 U.S. at 487 n.7. Plaintiff does not articulate, and the Court cannot conceive, how he could prevail on the broad claims of trial and sentencing error and not simultaneously imply that the underlying conviction and sentence were invalid. *See Balisok*, 520 U.S. at 648; *Heck*, 512 U.S. at 479, 490 (concluding alleged due process violations were barred); *Esensoy v. McMillan*, No. 06-12580, 2007 WL 257342 at *2 (11th Cir. Jan. 31, 2007); *Beaven v. Roth*, 74 F. App'x 635 (7th Cir. 2003) (No. 03-1397) *available at* 2003 WL 22018891. Plaintiff's allegations that the trial judge ignored motions for a mistrial and conducted an improper sentencing clearly aim to challenge the fact of his conviction and sentence. Accordingly, to the extent Plaintiff has pled a claim that satisfies his obligation

---

[1] For example, the Supreme Court noted that a suit for damages attributable to an unreasonable search may not *necessarily* imply that a plaintiff's conviction was unlawful because of doctrines like independent source, inevitable discovery, and harmless error. *Heck*, 512 U.S. at 487 n.7 (citing cases). The Supreme Court emphasized that "the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury . . . which, we hold today, does *not* encompass the 'injury' of being convicted and imprisoned (until his conviction has been overturned)." *Id.* (internal citation omitted).

4

> under Federal Rule of Civil Procedure 8(a), such claim necessarily implies the invalidity of his current confinement.
>
> Because success on his claim necessarily implies invalid confinement, under the second portion of the *Heck* analysis, Plaintiff must demonstrate he already has successfully contested his current conviction and sentence. *Heck*, 512 U.S. at 487. Plaintiff does not suggest that his convictions or sentence have been invalidated, so *Heck* bars his action. Accordingly, it is RECOMMENDED that Plaintiff's claims and the action be DISMISSED WITHOUT PREJUDICE.
>
> In light of the preliminary dismissal of the action, it is further RECOMMENDED that Plaintiff's motions for discovery (Docket Nos. 13, 14, & 15) be DENIED.

(Dec. 6, 2007 Report and Recommendation.) The Court advised Plaintiff that he could file objections or an amended complaint within ten (10) days of the date of entry thereof. Plaintiff filed objections.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (*citing Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendation without conducting a *de novo* review. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005), *cert. denied*, 546 U.S. 1091 (2006).

## III. PLAINTIFF'S OBJECTIONS

In his objections, Plaintiff insists that he is entitled to relief because he is the victim of miscarriage of justice. Nevertheless, Plaintiff fails to explain why this action is not subject to dismissal for the reasons set for the Magistrate Judge. Accordingly, Plaintiff's objections will be OVERRULED. The Report and Recommendation will be ACCEPTED AND ADOPTED. All of Plaintiff's outstanding motions will be DENIED. The action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for purposes 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

Date: JAN - 7 2008
Richmond, Virginia

/s/
Richard L. Williams
United States District Judge