IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DAVID WILLIAM LINDER,**

    Plaintiff,

v.                                           Civil Action No. **3:07CV292**

**JEROME B. FRIEDMAN,**

    Defendant.

## MEMORANDUM OPINION

David William Linder, a Federal prisoner proceeding pro se, filed this *Bivens*[1] action. By Memorandum Opinion and Order entered on January 7, 2008, the Court dismissed the action. *Linder v. Friedman*, No. 3:07CV292, 2008 WL 80228, at *4 (E.D. Va. Jan 7, 2008). On July 1, 2008 the United States Court of Appeals for the Fourth Circuit denied Linder's appeal. *Linder v. Friedman*, 283 F. App'x 168 (4th Cir. 2008). The matter is now before the Court on Linder's motions seeking to reopen his case, which were received by the Court on November 22, 2011, December 23, 2011, and January 9, 2012. (Docket Nos. 32, 34, 35). Because these motions were filed after the twenty-eight day period for filing a motion pursuant to Federal Rule of Civil Procedure 59, and because Linder claims to have newly discovered evidence, the Court deems Linder's submissions as motions pursuant to Federal Rule of Civil Procedure 60(b). *See* Fed R. Civ. P. 59(b), 60(b)(2).

Relief under Rule 60(b) is an "extraordinary remedy," warranted only under "exceptional circumstances." *Compton v. Alton S.S. Co.*, 608 F.2d 96, 102 (4th Cir. 1979) (citing cases). Rule 60(b)(2) provides grounds for relief from a final judgment in the event of newly discovered

---

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b). However, Rule 60(c) requires that Rule 60(b)(2) movants file their motions "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). Here, Linder's motions are untimely.

Linder challenges this Court's January 7, 2008 Memorandum Opinion and Order. (Pl.'s Mot. Reopen Case (Docket No. 32) 1; Pl.'s Second Mot. Reopen Case (Docket No. 34) 1; Pl.'s Third Mot. Reopen Case (Docket No. 35) 1.) After the January 7, 2008 Memorandum Opinion and Order, Linder had one year to file a motion pursuant to Rule 60(b)(2), or until Wednesday, January 7, 2009. The Court did not receive the first of Linder's motions until November 22, 2011, 1415 days after the entry of the January 7, 2008 Memorandum Opinion and Order. Thus, Linder's motions are untimely. Accordingly, Linder's motions to reopen his case (Docket Nos. 32, 34, 35) are DENIED.

An appropriate Order shall accompany this Memorandum Opinion.

Date: 1/26/12
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge